UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>*Interpleader Plaintiff,*<br>v.<br><br>**KRISTY H. OWENS and TAMMY L. HENZEL**<br><br>*Interpleader Defendants.* | Case No. _____ |

## COMPLAINT IN INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, hereby submits this Interpleader Complaint against Kristy H. Owens and Tammy L. Henzel (collectively, the "Interpleader Defendants") as follows:

## PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York, and is therefore a citizen of the State of New York. MetLife is duly licensed to do business in the State of Alabama.

2. Interpleader Defendant Kristy H. Owens is a citizen of Crossville, Alabama. Upon information and belief, Kristy H. Owens was the common law spouse of Billy Jack Morrow ("Decedent") at the time of his death.

3. Interpleader Defendant Tammy L. Henzel is a citizen of Albertville, Alabama. Upon information and belief, Tammy L. Henzel is the child of Decedent.

1

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action filed pursuant to Rule 22 of the Federal Rules of Civil Procedure. *See Unum Life Ins. Co. of America v. Smith*, 2018 WL 1977257, at *2 (M.D. Ala. Mar. 28, 2018) (noting case, which involved competing claims to $50,000.00 in ERISA benefits, was "the rare federal question, rule-interpleader action").

5. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because this is the judicial district in which at least one of the interpleader defendants resides.

**GENERAL FACTUAL ALLEGATIONS**

6. Decedent was an employee of Ford Motor Company ("Ford") and a participant in a Ford-sponsored, ERISA-governed employee welfare benefit plan (the "Plan"). Decedent was covered under the Basic Life Insurance component of the Plan, funded by Group Policy No. 226179-1-G, as issued by MetLife to Ford.

7. MetLife administers claims submitted under the Plan in accordance with ERISA and the documents and instruments governing the Plan. As the claims administrator, MetLife is entitled to seek appropriate equitable relief as sought through this interpleader action. *See* 29 U.S.C. § 1104(a)(1)(D); 29 U.S.C. §1132(a)(3).

8. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

9. On or about December 4, 2000, Decedent submitted a Change of Beneficiary form under the Plan, which named Mary Morrow, Decedent's mother, and Tammy Henzel, decedent's daughter, as primary beneficiaries of the Plan, with each designated to receive 50% of the proceeds.

10. On or about November 26, 2014, Decedent submitted a Change of Beneficiary form under the Plan, naming Tammy Lynn Henzel as sole primary beneficiary of the Plan and Kristy Hope Owens as contingent beneficiary of the Plan.

11. On or about February 6, 2022, a beneficiary change was submitted via MetLife's online system, which named Tammy L. Henzel and Kristy H. Owens as primary beneficiaries of the Plan, with each designated to receive 50% of the proceeds.

12. Upon information and belief, Decedent died on February 8, 2022. Decedent's Death Certificate reflects a cause of death of "intracranial hemorrhage" with an interval of "4 days."

13. As a result of Decedent's death, Basic Life Insurance benefits in the amount of $38,704.50 (the "Plan Benefits") became payable under the Plan.

14. On or about February 15, 2022, Tammy Henzel contacted MetLife regarding the Decedent's death. Ms. Henzel advised that Decedent suffered from dementia and was hospitalized prior to his death, calling into question the legitimacy of the February 6, 2022 online beneficiary change.

15. On or about February 16, 2022, MetLife received correspondence from Express Funeral Funding, LLC, advising that it held an assignment for $7,956.75 of the Plan Benefits. Enclosed with Express Funeral Funding's correspondence was an Irrevocable Assignment and Power of Attorney document, which was signed by Tammy Henzel and Kristy H. Owens. Also

enclosed were Life Insurance Claim forms for Tammy Henzel and Kristy Owens, executed by a representative of Express Funeral Funding as Power of Attorney over Ms. Henzel and Ms. Owens.

16. On or about February 17, 2022, MetLife received a Life Insurance Claim Form for Kristy Owens, seeking the Plan Benefits.

17. On or about March 15, 2022, MetLife issued $7,956.75 to Express Funeral Funding, LLC, pursuant to the Irrevocable Assignment and Power of Attorney.

18. By letter dated March 16, 2022, MetLife notified Tammy Henzel and Kristy Owens of the competing claims to the Plan Benefits, stating in relevant part:

> According to our records, the most recent beneficiary designation on file was completed on February 6, 2022 and names Tammy L Henzel and Kristy H Owens each as primary beneficiaries for equal shares. This beneficiary designation was completed electronically 2 days prior to the decedent's passing on February 8, 2022. The prior beneficiary designation on file was completed by the decedent on November 26, 2014 and names Tammy L Henzel as the sole primary beneficiary. Tammy L Henzel alleges the beneficiary designation dated February 6, 2022 was completed online by someone other than the insured as Billy J Morrow was mentally incapable of making such change due to him suffering from Dementia and hospitalized at that time and unable to make any changes.
>
> MetLife is unable to determine if the decedent made the change on February 6, 2022 or if the change was completed by someone other than the insured, Billy J Morrow.
>
> If the court was to find that the decent made the change of the beneficiary on February 6, 2022, and was competent to do so, the benefits would be payable in equal shares to Tammy L Henzel and Kristy H Owens. If the court was to find that the change of the beneficiary on February 6, 2022 was made by someone other than the insured, Billy J Morrow, the proceeds would solely be payable to Tammy L Henzel. MetLife received a funeral home assignment from Express Funeral Funding in the amount of $7,956.75 signed by Tammy L Henzel and Kristy H Owens. In either scenario, Tammy L Henzel is eligible and therefore the funeral home assignment has been paid in full.

MetLife provided the claimants a sixty-day courtesy period to resolve their competing claims to the Plan Benefits. MetLife advised that if they could not reach an agreement regarding distribution of the Plan Benefits, MetLife would initiate an interpleader action.

19. On or about April 12, 2022, MetLife received a Life Insurance Claim Form for Tammy Henzel, seeking the Plan Benefits.

20. To date, Kristy Owens and Tammy Henzel have not resolved their competing claims to the Plan Benefits.

21. In light of the foregoing, MetLife cannot determine, without peril, the proper party(ies) to whom the Plan Benefits are owed and payable. As a result, MetLife has been compelled to retain counsel and file this interpleader complaint.

## INTERPLEADER TO DEPOSIT PLAN BENEFITS INTO THE REGISTRY OF THE COURT

22. MetLife incorporates by reference each preceding paragraph as if fully set forth herein.

23. MetLife admits that the Plan Benefits, plus any applicable interest, are payable. However, due to the issues described above, MetLife cannot determine, without peril, the proper beneficiaries to whom the Plan Benefits are owed.

24. MetLife claims no beneficial interest in the Plan Benefits, and MetLife is instead a mere stakeholder.

25. Unless and until the potentially conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, MetLife remains subject to multiple litigation based on competing claims and faces substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Plan Benefits.

26. MetLife is ready, willing, and able to pay the Plan Benefits and any applicable interest thereon into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

27. MetLife is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any

state or federal court against MetLife, the Plan, and/or Ford for the recovery of any claim, in whole or in part, under the Plan.

28. MetLife should be discharged as a disinterested stakeholder.

## PRAYER FOR RELIEF

WHEREFORE, MetLife respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

1. That the aforementioned Plan Benefits and applicable interest thereon be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which Interpleader Defendants are rightfully entitled to the Plan Benefits at issue;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, and/or assigns, and any other purported beneficiaries under the Plan, from instituting or maintaining any action in any court or forum against MetLife, the Plan, and/or Ford for the recovery of any claim, in whole or in part, under the Plan, and that said injunction issue without bond or surety;

4. That MetLife be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Plan with an express finding of finality pursuant to Fed. R. Civ. P. 54(b); and

5. That MetLife be awarded such other and fpeurther relief as the Court may deem just and proper.

Dated: September 20, 2022

Respectfully submitted by,

**MAYNARD, COOPER & GALE, P.C.**

*/s/ William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
Mary Caroline Wynn
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
wwahlheim@maynardcooper.com
mwynn@maynardcooper.com


Attorneys for Interpleader Plaintiff
Metropolitan Life Insurance Company